UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**London Division**

| | | |
|---|---|---|
| Wanda Stidham | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| LVNV Funding, LLC | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Corporation Service Company | ) | |
|     2711 Centerville Road, Suite 400 | ) | |
|     Wilmington, DE 19808 | ) | |
| | ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which was enacted to eliminate abusive debt collection practices by debt collectors, and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), which was enacted to ensure fairness, accuracy and privacy of the personal information contained in the files of the credit reporting agencies.

2. Defendant LVNV Funding, LLC ("LVNV") violated the FDCPA by collecting and attempting to collect increasing interest and/or fees on a debt that LVNV had no legal right to recover from Ms. Stidham. LVNV also violated the FCRA by furnishing false credit information concerning Ms. Stidham to one or more credit reporting agencies.

### JURISDICTION

3. This Court has jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k, the FCRA, 15 U.S.C. §1681p, and 28 U.S.C. § 1367.

## PARTIES

4. Plaintiff Wanda Stidham is a natural person who resides in Laurel County, Ky. Ms. Stidham is a natural individual person and a "consumer" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(3), and the FCRA, as defined at 15 U.S.C. § 1681a(c).

5. Defendant LVNV Funding, LLC ("LVNV") is a Delaware limited liability company, which has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debts from creditors and collecting these debts in this state. LVNV's principal place of business is located at Bank of America Building, 200 Meeting Street, Suite 206, Charleston, SC 29401-3187.

6. LVNV regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6), and a furnisher of credit information within the meaning of the Fair Credit Reporting Act.

## STATEMENT OF FACTS

9. Like many of her fellow Americans, Ms. Stidham is keenly aware of the importance of her credit score.

10. As explained on Bankrate.com, a person's credit score is important to many major life events: including housing, employment, and credit:

> Today's economy runs on credit. If you want to get a mortgage loan for a house or a student loan to pay for college, or if you just want to put your lunch on a credit card, a company is extending credit to you.
>
> Your creditworthiness is defined by your three-digit credit score and is the key to your financial life. Good credit can be the make-or-break detail that determines whether you'll get a mortgage, car loan or student loan. On the other hand, bad credit will make it more difficult for you to get a credit card with a low interest rate

> and it will make it more expensive to borrow money for any purpose, says Liz Pulliam Weston, author of "Your Credit Score."
>
> But even if you're not in the market for a loan, good credit can have a major impact, Weston says.
>
> "Your credit information can be a factor in whether or not you can rent a nice apartment, how much you pay for insurance or whether or not you can get a job," she says. Landlords, insurers and employers frequently use credit information as a litmus test to see if the people they are dealing with are reliable and responsible.
>
> Bad credit can suggest you're a risky bet. While bad credit may only show the details of how you deal with debt, some will extrapolate the characteristics from your financial life to other situations and assume that your bad credit implies that you may be just as irresponsible driving a car, taking care of an apartment or showing up for a job, Weston notes.
>
> Good credit can signify that your financial situation—and the rest of your life—is on the right track.[1]

11. In an effort to improve her credit score and rating, Ms. Stidham reviewed her credit reports and discovered negative credit information furnished by LVNV in connection with a debt originated by Windstream Communications, Inc. ("Windstream").

12. Ms. Stidham incurred the debt to Windstream for personal, family, and household purposes, which makes the Windstream debt a "debt" within the meaning of the FDCPA.

13. The negative credit information furnished by LVNV stated:

---

[1] http://www.bankrate.com/finance/credit-cards/why-is-good-credit-so-important.aspx

| LVNV FUNDING LLC<br>PO Box 10497 Ste 110, Ms 576<br>Greenville, SC  29603-0497<br>(866) 464-1183 | | | |
|---|---|---|---|
| Account Number: | 16215XXXX | Current Status: | |
| Account Owner: | Individual Account. | High Credit: | $571 |
| Type of Account ⁇ : | Open | Credit Limit: | $0 |
| Terms Duration: | | Terms Frequency: | |
| Date Opened: | 09/29/2014 | Balance: | $582 |
| Date Reported: | 01/17/2017 | Amount Past Due: | $582 |
| Date of Last Payment: | | Actual Payment Amount: | $0 |
| Scheduled Payment Amount: | $0 | Date of Last Activity: | N/A |
| Date Major Delinquency First Reported: | 12/2014 | Months Reviewed: | 22 |
| Creditor Classification: | Financial | Activity Description: | N/A |
| Charge Off Amount: | $0 | Deferred Payment Start Date: | |
| Balloon Payment Amount: | $0 | Balloon Payment Date: | |
| Date Closed: | | Type of Loan: | |
| Date of First Delinquency: | 10/2011 | | |
| Comments: | Consumer disputes this account information,<br>Collection account, | | |

14.     LVNV furnished negative credit information concerning Ms. Stidham and the Windstream debt to one or more consumer reporting agencies for the purpose of collecting a "debt" from him. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

15.     The negative credit information furnished by LVNV was false because it included $11.00 in additional fees and costs that LVNV had no legal right to recover from Ms. Stidham.

16.     LVNV reported the negative credit information concerning Ms. Stidham and the Windstream debt in an attempt to collect the Windstream debt from Ms. Stidham.

17.     In an effort to correct the erroneous credit information regarding the Windstream debt supplied by LVNV, on December 21, 2016 Ms. Stidham sent a dispute of the credit information supplied by LVNV to the three major consumer reporting agencies: Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union").

18. Equifax, Experian, and Trans Union forwarded notice of Ms. Stidham's dispute to LVNV, which thereby triggered LVNV's duty under 15 U.S.C. §1681s-2(b) to reinvestigate the Windstream debt.

19. LVNV failed to conduct a reasonable investigation into Ms. Stidham's dispute concerning the negative credit information concerning Ms. Stidham and the alleged Windstream debt that LVNV is furnishing to Experian.

20. LVNV falsely verified the accuracy of the disputed negative credit information concerning the alleged Windstream debt to Equifax, Experian, and Trans Union.

21. As a result of LVNV's failure to conduct a reasonable investigation of Ms. Stidham's dispute, Ms. Stidham suffered actual damages in the form of a lowered credit score and denial of credit.

22. LVNV violated the FDCPA by transmitting false credit information concerning Ms. Stidham and the Windstream debt to one or more consumer reporting agencies and by adding interest and/or fees to the Windstream debt that LVNV had no legal right to recover from Ms. Stidham.

23. LVNV violated the FCRA by failing to conduct a reasonable investigation of Ms. Stidham's dispute after receiving notice of the dispute from Equifax, Experian, and Trans Union and by failing to correct and update false and inaccurate credit information concerning Ms. Stidham and the Windstream debt.

## Claims for Relief

I. **Claims against LVNV Funding, LLC**

    a. **Fair Debt Collection Practices Act (FDCPA)**

24. The foregoing acts and omissions of LVNV Funding, LLC constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

    b. **Fair Credit Reporting Act (FCRA)**

25. The foregoing acts and omissions of LVNV Funding, LLC ("LVNV") violate the FCRA.

    i. **Violations of 15 U.S.C. §1681n**

26. After being informed by Equifax, Experian, and Trans Union that Ms. Stidham disputed the accuracy of the information it was providing concerning Ms. Stidham and the Windstream debt, LVNV willfully failed to conduct a proper investigation of Ms. Stidham's disputes filed with Equifax, Experian, and Trans Union that LVNV was furnishing false negative credit information about Ms. Stidham and the Windstream debt.

27. LVNV willfully failed to review all relevant information purportedly provided by Equifax, Experian, and/or Trans Union to LVNV in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

28. LVNV willfully failed to direct Equifax, Experian, and Trans Union to delete inaccurate information about Ms. Stidham pertaining to the Windstream debt as required by 15 U.S.C. §1681s-2(b)(C).

29. Ms. Stidham has a private right of action to assert claims against LVNV arising under 15 U.S.C. §1681s-2(b).

30. LVNV is liable to Ms. Stidham for the actual damages he has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. §1681n.

### ii. Violation of 15 U.S.C. §1681o

31. After being informed by Equifax, Experian, and Trans Union that Ms. Stidham disputed the accuracy of the information it was providing concerning Ms. Stidham, LVNV negligently failed to conduct a proper investigation of Ms. Stidham's disputes filed with Equifax, Experian, and Trans Union that LVNV was furnishing false negative credit information about Ms. Stidham and the Windstream debt.

32. LVNV negligently failed to review all relevant information purportedly provided by Equifax, Experian, and Trans Union to LVNV in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

33. LVNV negligently failed to direct Equifax, Experian, and Trans Union to delete inaccurate information about Ms. Stidham pertaining to the Windstream debt as required by 15 U.S.C. §1681s-2(b)(C).

34. Ms. Stidham has a private right of action to assert claims against LVNV arising under 15 U.S.C. §1681s-2(b).

35. LVNV is liable to Ms. Stidham for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. §1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Wanda Stidham requests that the Court grant the following relief:

1. Award Plaintiff her actual damages against Defendant pursuant to the FDCPA and/or FCRA;

2. Award Plaintiff maximum statutory damages against Defendant pursuant to the FDCPA and/or FCRA;

3. Award Plaintiff punitive damages against LVNV pursuant to the FCRA, 15 U.S.C. § 1681n;

4. Award Plaintiff her reasonable attorney's fees and costs;

5. Grant Plaintiff a trial by jury on all issues deemed triable; and

6. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com